IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW O. MIXON,<br><br>                  Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, (D.C.D.C.), in their official capacities; MARK FOXHALL, C.E.O of (D.C.D.C.), in their official capacities; MAIL ROOM EMPLOYEES OF (D.C.D.C.), in their official capacities; BUSINESS OFFICE EMPLOYEES OF (D.C.D.C.), in their official capacities; and RECORDS DEPT. EMPLOYEES OF (D.C.D.C), in their official capacities;<br><br>                  Defendants. | 8:17CV370<br><br><br>**MEMORANDUM<br>AND ORDER** |

       This matter is before the court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

       On November 3, 2017, the court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $25.03 within 30 days. (*See* Filing No. 9.) On December 8, 2017, the court granted Plaintiff an extension of time and ordered Plaintiff to pay the initial partial filing fee by January 8, 2018. (*See* Docket Entry No. 12.) To date, Plaintiff has not paid the initial partial filing fee. Accordingly, the court will require Plaintiff to

show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

If Plaintiff's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account, his failure to pay within the time ordered by the court will be excused. However, if Plaintiff's failure to pay by the court's deadline was caused by his failure to leave sufficient funds in his account to timely pay the initial partial filing fee, his failure to pay will not be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS ORDERED:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 9, 2018**: check for response to show cause order.

Dated this 10th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge