IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MATTHEW O. MIXON, | |
|---|---|
| Plaintiff, | 8:17CV370 |
| vs. | |
| DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, (D.C.D.C.), in their official capacities; MARK FOXHALL, C.E.O of (D.C.D.C.), in their official capacities; MAIL ROOM EMPLOYEES OF (D.C.D.C.), in their official capacities; BUSINESS OFFICE EMPLOYEES OF (D.C.D.C.), in their official capacities; and RECORDS DEPT. EMPLOYEES OF (D.C.D.C), in their official capacities; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff's Motion for Extension of Time. ([Filing No. 17](#).) Plaintiff requests additional time to pay the initial partial filing fee due to his current lack of funds and present inability to get a job on or off his prison unit.

On January 10, 2018, the court ordered Plaintiff to show cause as to why this case should not be dismissed for his failure to pay the initial partial filing fee. ([Filing No. 16](#).) Upon receipt of Plaintiff's present motion, the court reexamined the filings in this case and discovered an error in the court's calculation of the initial partial filing fee. The court relied on the certified trust account statement submitted by Plaintiff's institution on October 31, 2017, ([Filing No. 7](#)), but mistakenly included funds in its calculation of the average monthly deposits which should have been excluded. Additionally, after the court entered its order granting

Plaintiff leave to proceed in forma pauperis ("IFP"), Plaintiff's institution submitted another certified trust account statement in a separate case[1] filed by Plaintiff which included a certified amount of the average deposits in Plaintiff's account. (Filing No. 11, Case No. 8:17CV325.) In light of these circumstances, the court deems it appropriate to recalculate the initial partial filing fee required by 28 U.S.C. § 1915(b).

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $11.40, based on average monthly deposits in the amount of $57.00. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. **No further extensions of time will be granted absent exceptional circumstances.**

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

---

[1] Plaintiff's other pending civil case is *Mixon v. Omaha Police Department Officers et al*, Case No. 8:17-cv-325. The court takes judicial notice of the records of the court in 8:17-cv-325. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time (Filing No. 17) is granted.

2. Plaintiff must pay an initial partial filing fee of $11.40 within 30 days. Absent exceptional circumstances, no extensions of time will be granted.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

4. The clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 2, 2018**: initial partial filing fee payment due.

6. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 31st day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge